Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)
Richard A. Brody (Cal. Bar No. 100379)
GREENFIRE LAW, PC
2478 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
Email: jblome@greenfirelaw.com
       lrivo@greenfirelaw.com
       rbrody@greenfirelaw.com

*Attorneys for Plaintiff US Right to Know*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>U.S DEPARTMENT OF STATE,<br><br>            Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act, 5 U.S.C. § 552 *et seq* |

# INTRODUCTION

1.  Through this action, Plaintiff U.S. Right to Know ("USRTK") seeks access to government records held by Defendant U.S. Department of State (hereinafter "Defendant" and/or "State Department"), pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, and United States Department of State FOIA regulations promulgated thereunder, 22 C.F.R. 171.1, et seq. This action challenges Defendant's unlawful failure to abide by the statutory requirements of the FOIA and applicable implementing regulations.

2.  Defendant is unlawfully withholding from public disclosure information sought by USRTK, information to which USRTK is entitled and for which no valid disclosure exemption applies or has been properly asserted. In particular, Defendant has violated, and remains in violation of, the statutory mandates imposed by the FOIA by: (Count I) failing to provide a timely final determination on USRTK's FOIA Requests; (Count II) unlawfully withholding records from public disclosure for which no valid disclosure exemption applies or has been properly asserted, or to provide the reasonably segregable portions of those records; (Count III) failing to provide an updated "estimated date of completion" and failure to a determination to USRTK's administrative appeal (Count IV).

3.  The records requested by USRTK are likely to contribute significantly to the understanding of the operations or the activities of the government. USRTK is a 501(c)(3) nonprofit organization and, by its nature, has no commercial interest in the requested records.

4.  Further, Defendant is unlawfully failing to adjudicate USRTK's timely-filed Administrative Appeal ("Appeal").

5.  USRTK seeks declaratory relief establishing that Defendant has violated the FOIA and that such actions entitle USRTK to relief thereunder. USRTK also seeks injunctive relief directing Defendant to conduct a reasonably adequate search for records and to promptly provide responsive material, to reasonably segregate portions of non-exempt records, and to provide proper justifications for any disclosure exemptions that are applied. Finally, USRTK requests that the Court award Plaintiff its reasonable attorneys' fees and costs incurred in bringing this action.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B). That provision of the FOIA grants jurisdiction to "the district court of the United States in the district in which the complainant resides or has his principal place of business[.]" 5 U.S.C. § 552(a)(4)(B). USRTK is a nonprofit public benefit corporation organized under the Nonprofit Public Benefit Corporation Law for charitable purposes. USRTK was incorporated in the State of California in May 2014. USRTK maintains its principal place of business in the Northern District of California.

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. section 1331 because this action arises under the FOIA and the Declaratory Judgment Act, 28 U.S.C. section 2201 *et seq*.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Local Rule 3-2(c), this case is properly brought in the San Francisco Division of the Northern District of California, because a substantial part of the events and omissions which give rise to the claims alleged herein occurred in the County of San Francisco.

9. Under the FOIA, 5 U.S.C. § 522(a)(4)(B), jurisdiction vests in the district court where "the complainant resides" or "has his principal place of business."

10. Plaintiff has its principal place of business in the County of San Francisco.

11. As such, under the L.R. 3-2(c), (d), intradistrict assignment to the San Francisco division is proper.

## PARTIES

12. Plaintiff USRTK is a 501(c)(3) nonprofit corporation organized under the laws of the State of California. USRTK is a public interest, investigative research group focused on promoting transparency for public health. USRTK works nationally and globally to expose corporate wrongdoing and government failures that threaten the integrity of food systems, the environment, and human health.

13. Defendant State Department is an agency of the United States executive branch.

14. Defendant State Department qualifies as an "agency" under the FOIA, the records sought are "records" under the FOIA, and because Defendant State Department is in possession and

control of the records sought by USRTK, the State Department is subject to the FOIA pursuant to 5 U.S.C. §552(f).

## LEGAL FRAMEWORK

15. The FOIA requires U.S. government agencies to "promptly" make public records available to any person if that person makes a request which (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

16. Freedom of Information Act Requests to the State Department and the Foreign Service Grievance Board are subject to the policies and procedures contained in 22 C.F.R. §§ 171.1, et seq.

17. The State Department's policies and procedures contained in 22 C.F.R. §§ 171.1, et seq. should be read in conjunction with the text of the FOIA, the PA and the Uniform Freedom of Information Fee Schedule and Guidelines published by the Office of Management and Budget.  22 C.F.R. §§ 171.1(a).

18. The FOIA requires an agency to issue a final determination on any such information request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i). In issuing a final determination, an agency is required to inform the requester of three things: (1) the agency's determination of whether or not it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

19. The FOIA allows an agency to extend the twenty-day determination deadline, however, by ten working days when "unusual circumstances" exist and when the agency so notifies a requester in writing. 5 U.S.C. § 552(a)(6)(B)(i)-(iii); 22 C.F.R. § 171.12(c). A notice informing a requester of the invocation of the "unusual circumstances" provision must specify the applicable "unusual circumstances." *Id*.

20. Permissible "unusual circumstances" are limited to: "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a

voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

21. An agency is entitled to one ten-business day extension. 5 U.S.C. § 552(a)(6)(B)(i). The written notice provided to the requester must specify the specific unusual circumstances justifying the extension and the date on which a final determination is expected to be dispatched. *Id*.

22. In some circumstances, the FOIA allows an agency to invoke an extension beyond ten days. To invoke a longer extension, the FOIA requires an agency to provide written notification to the requester that (1) offers the requester an opportunity to limit the scope of the request so that it may be processed within that time limit, or (2) offers the requester an opportunity to arrange with the agency an "alternative time frame" for processing the request. 5 U.S.C. § 552(a)(6)(B)(ii); 22 C.F.R. § 171.12(c).

23. As part of invoking an "alternative time frame" extension, the agency must also make available to the requester its FOIA Public Liaison, who is tasked to resolve any dispute between the requester and the agency. 5 U.S.C. § 552(a)(6)(B)(ii); 22 C.F.R. § 171.12(c).

24. FOIA Public Liaisons "shall serve as supervisory officials" and "shall be responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes." 5 U.S.C. § 552(l).

25. Even when an "unusual circumstances" extension is made, the agency must still notify the requester of its expected date on which a final determination will be dispatched. 5 U.S.C. § 552(a)(6)(B)(i).

26. "Exceptional circumstances" for failure to comply with applicable time limits "does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii).

27. If an agency fails to provide a final determination on a FOIA request within the statutory timeframe, the requester is deemed to have exhausted its administrative remedies and may

immediately file suit against the agency. 5 U.S.C. § 552(a)(6)(C)(i).

28. The FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii); *see also* 5 U.S.C. § 552(a)(6)(B)(i).

29. Agencies shall make reasonable efforts to maintain their records so they are reproducible for FOIA purposes, and "shall make reasonable efforts to search" for responsive records. 5 U.S.C. § 552(a)(3)(B), (C). The term "search" "means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D).

30. In furnishing records responsive to a request under the FOIA, an agency may, for a limited set of categories of information, exclude or withhold such information from disclosure. 5 U.S.C. § 552(b). However, even where proper justification exists for withholding such information, the agency must provide the remaining portions of records that are reasonably segregable from the properly withheld portions thereof. *Id.*

31. Except in certain circumstances, when an agency produces a record in response to a FOIA request but withholds a portion thereof, the agency must indicate the volume of information withheld and the exemption under which such information has been withheld. *Id.*; 5 U.S.C. § 552(a)(6)(F).

32. An agency that withholds public records from a requestor under the FOIA bears the burden of sustaining the legality of its action. 5 U.S.C. § 552(a)(4)(B).

33. Requesters under the FOIA may ask that an agency waive fees associated with any request for records "if disclosure of the information is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

34. An agency may only charge certain fees depending on the category of requester. For non-commercial requesters such as USRTK, "fees shall be limited to reasonable standard charges for document search and duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(III).

35. Agencies are prohibited from assessing search fees if the agency fails to comply with

the FOIA's twenty-day determination deadline or any lawful extension under the statute's "unusual circumstances" provisions. 5 U.S.C. § 552(a)(4)(A)(viii).

36. This Court has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant, pursuant to 5 U.S.C. § 552(a)(4)(A)(i)(B).

37. Upon request, the State Department will provide an estimated date by which the Department expects to provide a response to the requester. 22 C.F.R. §171.13(c).

38. Administrative appeals of adverse determinations by the State Department must be postmarked or electronically submitted within 90 calendar days after the date of adverse determination. 22 C.F.R. §171.15(a)(1).

39. The FOIA requires agencies to make a determination on an administrative appeal within 20 business days of receiving the appeal, excluding weekends and legal public holidays . 5 U.S.CS § 552, (a)(6)(A)(ii), *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 62.

40. If the agency fails to comply with this deadline, the requester is deemed to have constructively exhausted administrative remedies, and the appeal is treated as denied by operation of law. 5 U.S.C. § 552(a)(6)(C)(i), *Oglesby v. United States Dep't of Army*, 920 F.2d 57 71. *Wildlands CPR v. United States Forest Serv.*, 558 F. Supp. 2d 1096, 1102.

41. According to its policies and procedures, the State Department has 30 working days from the date an appeal from a denial to waive or reduce fees is received to respond. https://foia.state.gov/request/Appeals2.aspx#/.

42. According to its policies and procedures, the State Department has 10 calendar days from the date of the receipt of an appeal from a denial to grant expedited processing to issue a decision in writing. https://foia.state.gov/request/Appeals2.aspx#/.

**STATEMENT OF OPERATIVE FACTS**

43. On August 12, 2025, U.S. Right to Know submitted a FOIA Request to the State Department, Office of Information Programs and Services, via e-mail at FOIARequest@state.gov. A true and accurate copy of this FOIA Request is attached hereto as **"Exhibit A"** and is hereinafter referred to as "the Request." The Request sought copies of the intelligence product or products

shared via the Joint Worldwide Intelligence Communication System (JWICS), as referenced in the email with the subject line, "RE: INR Judgment on COVID-19 Origins," that was sent to U.S. Department of State employees Andreea I. Paulopol and Christopher J. Park on June 11, 2020, which was included in the Request as Attachment A.

44. The Request included a Request for Fee Waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) which was supported by four single-spaced pages of documentation. The documentation supporting U.S. Right to Know's Request for Fee Waiver demonstrated that U.S. Right to Know was entitled to a Fee Waiver because the "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the [Federal] government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). **Exhibit A, pp. 1-6.**

45. The Request also included a Request for Expedited Processing, pursuant to 5 U.S.C. §552(a)(6)(E)(v)(II). The basis of the Request for Expedited Processing was that the Request involved "a matter of current exigency to the American public" and "the consequences of delaying a response would compromise a significant recognized interest" in that the possibility of a research-related origin of Covid-19 involves significant public safety issues, as well as tax allocation issues and the future direction of science regarding regulations surrounding biosafety. **Exhibit A, pp. 6-9.**

46. On September 15, 2025, Monica Tillery, Supervisory Government Information Specialist, Information Access Liaison Office, U.S. Department of State, sent an email to Lewis Kamb of USRTK. This correspondence acknowledged receipt of USRTK's August 11, 2025, FOIA Request. The email denied the Request for Expedited Treatment, stating that "your request does not demonstrate a compelling need for the requested information."

47. The September 15, 2025, email from Ms. Tillery also denied the Request for Fee Waiver, stating that the Fee Request did not meet the public interest standard set forth in 22 C.F.R §171.16(a)(1)(i-iv).

48. The September 15, 2025, email from Ms. Tillery also stated that USRTK's Request had been placed in the complex processing track where it would be processed as quickly as possible, pursuant to 22 C.F.R. §171.12(b). It also stated that the Department would not be able to

respond within the 20 days provided due to "unusual circumstances", which included the need to search for and collect requested records from other Department offices for Foreign Service posts. 5 U.S.C. § 552(a)(6)(B)(i)(iii). No anticipated date of production of documents was provided by the State Department in this communication.

49. The September 15, 2025, email from Ms. Tillery stated that if USRTK was not satisfied with the State Department's determination as to USRTK's Request for Fee Waiver and Request for Expedited Treatment, that it could administratively appeal by writing to the State Department's Appeals Officer.

50. The September 15, 2025, email from Ms. Tillery was not the formal determination required by the FOIA. The FOIA requires an agency to issue a final determination on any such information request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i). In issuing a final determination, an agency is required to inform the requester of three things: (1) the agency's determination of whether or not it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i). The September 15, 2025, email did not address any of these three statutory requirements.

51. On December 4, 2025, Hana Mensendiek of USRTK sent a letter to the State Department indicating that it had been 78 business days since the submission of USRTK's FOIA Request, and formally demanding that the State Department provide, within 10 business days, an updated official determination on USRTK's FOIA Request or, at the very least, a date certain by which USRTK should expect an updated determination. Ms. Mensendiek's letter also requested that the State Department provide an estimated completion date that complied with the FOIA's requirement to "promptly" make records available upon request.

52. The State Department never responded to the December 4, 2025, letter from Ms. Mensendiek.

53. On December 10, 2025, USRTK timely submitted its administrative appeal of the State Department's Determination dated September 15, 2025.

54. USRTK's administrative appeal specifically appealed the State Department's denial

of USRTK's Request for Expedited Treatment, the State Department's Request for Fee Waiver, and the State Department's assignment of USRTK's FOIA Request to the State Department's Complex Processing Track.

55. On December 12, 2025, the State Department sent an email to Lewis Kamb of USRTK acknowledging receipt of USRTK's Administrative Appeal and assigned it tracking number A-2026-00053.

56. On January 8, 2026, Richard Brody, counsel for USRTK, sent an email to the State Department's Appeal Officer stating that no decision had been received and requesting that the State Department provide its written decision on the Administrative Appeal on or before Friday, January 16, 2026.

57. On January 9, 2026, the Litigation and Appeals Office of the State Department sent an email to Mr. Brody stating in part that "Your appeal is currently awaiting review. Our office operates on a first-in-first out basis. When review conclude and a final determination has been made, we will notify you of our decision via the email account you provided…"

58. On January 29, 2026, Mr. Brody sent a detailed email to the State Department's Appeals Officer citing to the FOIA's statutory deadline for rendering a decision on an administrative appeal and asking for a written decision on USRTK's administrative appeal on or before Wednesday, February 4, 2026. Mr. Brody's email also indicated that if a decision was not issued by that date or such other date as USRTK and the State Department mutually agreed on, USRTK would have no choice but to institute formal legal proceedings to compel the State Department's compliance with the FOIA.

59. On Friday, January 30, 2026, the State Department's Litigation and Appeals Office responded to the January 29, 2026, Brody email with a substantially similar email message as it had sent previously, again stating, "Your appeal is currently awaiting review. Our office operates on a first-in-first out basis. When review conclude and a final determination has been made, we will notify you of our decision via the email account you provided…"

60. Twenty business days from December 10, 2025, the date of the submission of USRTK's administrative appeal, is January 12, 2026. In making this calculation, USRTK has

omitted Christmas Eve, Christmas Day and New Year's Day.

61. Thirty working days from December 10, 2025, the date of the submission of USRTK's administrative appeal, is January 26, 2026. In making this calculation, USRTK has omitted Christmas Eve, Christmas Day and New Year's Day.

62. As of today, Defendant State Department has failed to issue a decision on USRTK's Administrative Appeal.

63. Defendant State Department has violated the provisions of the FOIA, 5 U.S.C. § 552, (a)(6)(A)(ii), as well as its own policies and procedures, by failing to provide USRTK with a determination or decision on USRTK's Administrative Appeal.

64. USRTK has no commercial interest or value in records responsive to the Request.

65. The records requested by USRTK are likely to contribute significantly to the public understanding of the operations and activities of the government. USRTK's FOIA Request stated that "the requested records will contribute to public understanding of whether the State Department's actions relating to concerns about origins of COVID-19 were consistent with its mission to 'protect and promote U.S. security, prosperity, and democratic values and shape an international environment in which all Americans can thrive.'" **Exh. A, pg. 3**.

66. USRTK has a demonstrated track record of obtaining and disseminating information obtained under the FOIA and state public records laws concerning public health. Since 2015, USRTK has obtained, posted online, and reported on thousands of industry and government documents gathered via public records requests. USRTK's work has contributed to three New York Times investigations, 15 academic papers in public health journals, 13 articles in the BMJ, one of the world's leading medical journals, and global media coverage documenting how food and chemical corporations impact public health and the environment. USRTK's staff has expertise in investigative journalism and advanced research, especially as it concerns impacts on human health. (https://usrtk.org/about-u-s-right-to-know/). USRTK is a recognized news outlet and is a member of the Institute for Nonprofit News, a membership organization that supports and advocates for the growth and sustainability of the nonprofit news sector; it has a network of over 400 local to global, topic-specific, and investigative nonprofit news organizations and over 3,000 practitioners

dedicated to public service journalism.

67. USRTK's investigation of the origins of COVID-19 has been featured in news outlets around the world, including the Wall Street Journal, New York Times, Washington Post, USA Today, New Yorker, Vanity Fair, Science, the BMJ, Journal of Medical Ethics and many other outlets. (https://usrtk.org/about-u-s-right-to-know/).

68. In February 2025, USRTK received the James Madison Freedom of Information Award from the Society for Professional Journalists Northern California chapter. This award recognizes people and organizations that have made "significant contributions to advancing freedom of information and expression in the spirit of James Madison, the creative force behind the First Amendment." The award states in part that:

> By filing more than 160 requests under the Freedom of Information Act, initiating 30 lawsuits to uncover documents held by federal officials, and combing through tens of thousands of documents, U.S. Right to Know unearthed crucial information about the potential origins of COVID-19 and the high-risk research being conducted at the Wuhan Institute of Virology.

*See* Thomas Peele & Laura Wenus, *SPJ NORCAL Honors Transparency Champions in James Madison Freedom of Information Awards*, Society of Professional Journalists, Northern California, https://spjnorcal.org/2025/02/12/spj-norcal-honors-transparency-champions-in-james-madison-freedom-of-information-awards-3/ (last visited February 10, 2026).

69. USRTK shares its findings with media outlets, public health and medical journals, and through its own library of information, available online at: <https://www.usrtk.org>. Many of USRTK's documents are available through the USRTK Agrichemical Collection of the University of California, San Francisco's (UCSF) Chemical Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/chemical/collections/usrtk-agrichemical-collection/>, and the USRTK Food Industry Collection of the UCSF Food Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/food/collections/usrtk-food-industry-collection/.

70. To date, the State Department has not provided USRTK or its legal counsel with a

timely and lawful "determination" that informs USRTK of (1) the State Department's determination of whether or not to comply with Request One; (2) the reasons for its decision; and (3) notice of USRTK's right to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

71. At no time has the State Department lawfully invoked the FOIA's "unusual circumstances" exception to the FOIA's twenty-day determination deadline. The State Department claimed that the "unusual circumstances" "…include the need to search for and collect requested records from other Department offices or Foreign Service posts." However, even when an "unusual circumstances" extension is made, the agency must still notify the requester of its expected date on which a final determination will be dispatched. 5 U.S.C. § 552(a)(6)(B)(i).

72. The State Department has not provided USRTK with its expected date on which a final determination will be dispatched.

73. The State Department has not shown due diligence in responding to the Request. 5 U.S.C. §552(a)(6)(C)(i).

74. To date, the State Department has not produced a single record responsive to the Request.

75. USRTK has constructively exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

76. Due to the failure of the State Department to comply with the FOIA, USRTK has been forced to retain the services of counsel and to expend funds litigating Defendant State Department's unlawful actions and omissions under the FOIA.

## CAUSES OF ACTION

### COUNT I
**Violations of the Freedom of Information Act and State Department Regulations: Failure to Provide Timely Final Determination**

77. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

78. USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with the FOIA. USRTK's rights in this regard were violated by Defendant's

failure to provide a timely and legally adequate final determination for the Request.

79. To date, approximately six months after the Request was submitted, USRTK has not received any written communication from Defendant State Department about whether the Agency will comply with the FOIA Request, the Defendant's reasons for making that decision, and any right of USRTK to administratively appeal that decision. 5 U.S.C. § 552(a)(6)(A)(i); 22 C.F.R. §171.13(c).

80. Based on the nature of USRTK's organizational activities, USRTK will continue to employ the FOIA's provisions to request information from Defendant in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating the FOIA's response deadlines.

81. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate USRTK's rights to receive public records under the FOIA.

82. Defendant's failure to make a final determination on the FOIA Request within the statutory timeframe has prejudiced USRTK's ability to timely obtain public records.

## COUNT II
### Violation of the Freedom of Information Act:
### Unlawful Withholding of Non-Exempt Public Records

83. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

84. USRTK has a statutory right to have Defendant State Department process its FOIA requests in a manner that complies with the FOIA. USRTK's rights in this regard were violated when Defendant failed to promptly provide public, non-exempt records to USRTK in response to the Request, 5 U.S.C. §§ 552(a)(3)(A) & (b), to provide a reasonable estimate of the volume of withheld records, 5 U.S.C. § 552(a)(6)(F), and to reasonably segregate all non-exempt portions of otherwise exempt material, 5 U.S.C. § 552(b).

85. Defendant is unlawfully withholding public disclosure of information sought by USRTK, information to which it is entitled and for which no valid disclosure exemption applies.

86. USRTK has constructively exhausted its administrative remedies with respect to the Request.

87. USRTK is entitled to injunctive relief to compel production of all non-exempt, responsive records.

88. Based on the nature of USRTK's organizational activities, USRTK will undoubtedly continue to employ FOIA's provisions to request information from Defendant in the foreseeable future.

89. USRTK's organizational activities will be adversely affected if Defendant is allowed to continue violating FOIA's response deadlines as it has in this case.

90. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate the rights of USRTK to receive public records under the FOIA.

## COUNT III
### Violation of the Freedom of Information Act:
### Failure to Provide Estimated Date of Completion

91. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

92. USRTK has a statutory right to have Defendant State Department process the Request in a manner that complies with the FOIA. USRTK's rights in this regard were violated by Defendant's unlawful failure to provide an estimated date of completion for the Request, as required by the FOIA, 5 U.S.C. § 552(a)(7)(B)(ii).

93. USRTK formally requested that the State Department provide an estimated date of completion for the Request. No such date was provided by Defendant State Department.

94. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from Defendant State Department in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating the FOIA's requirements for providing USRTK with an estimated date of completion for the Request.

95. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant State Department will continue to violate the rights of USRTK to receive public records under the FOIA.

## COUNT IV
### Violation of the Freedom of Information Act:
### Failure to Provide Determination on Administrative Appeal

96. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

97. USRTK has a statutory right to have Defendant State Department process its Administrative Appeal in a manner that complies with the FOIA.

98. The FOIA requires agencies to make a determination on an administrative appeal within 20 business days of receiving the appeal, excluding weekends and legal public holidays . 5 U.S.C. § 552, (a)(6)(A)(ii), *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 62.

99. If the agency fails to comply with this deadline, the requester is deemed to have constructively exhausted administrative remedies, and the appeal is treated as denied by operation of law. 5 U.S.C. § 552(a)(6)(C)(i), *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 71, *Wildlands CPR v. United States Forest Serv.*, 558 F. Supp. 2d 1096, 1102.

100. According to its policies and procedures, the State Department has 30 working days from the date an appeal from a denial to waive or reduce fees is received to respond. https://foia.state.gov/request/Appeals2.aspx#/.

101. According to its policies and procedures, the State Department has 10 calendar days from the date of the receipt of an appeal from a denial to grant expedited processing to issue a decision in writing.  https://foia.state.gov/request/Appeals2.aspx#/.

102. Defendant State Department has failed to make a determination on USRTK's Administrative Appeal.

103. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from Defendant State Department in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating the FOIA's requirements for providing USRTK with an estimated date of completion for the Request.

104. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant State Department will continue to violate the rights of USRTK to receive public

records under the FOIA.

**REQUEST FOR RELIEF**

THEREFORE, USRTK prays that this Court:

1. Order Defendant State Department to promptly provide USRTK all the information sought in this action and to immediately disclose the requested records for the Request in unredacted format unless an exemption is properly claimed and properly applies.

2. Declare Defendant State Department's failure to provide USRTK with a final determination for the Request as unlawful under the FOIA.

3. Declare Defendant State Department's failure to promptly provide USRTK with all non-exempt records responsive to the Request as unlawful under the FOIA.

4. Declare Defendant State Department's failure to provide USRTK with an estimated date of completion for the Request, as required by 5 U.S.C. § 552(a)(7)(B)(ii), unlawful under the FOIA.

5. Declare Defendant State Department's failure to provide USRTK with a determination on its Administrative Appeal as unlawful under the FOIA.

6. Award USRTK its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

7. Grant such other and further relief to USRTK as the Court may deem just and proper.

///
///
///
///
///
///
///
///
///

| | |
|---|---|
| Dated: March 4, 2026 | Respectfully Submitted, |

By: */s/ Lily A. Rivo*
Jessica L. Blome
Lily A. Rivo
Richard A. Brody
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Telephone: (510) 900-9502
Email: jblome@greenfirelaw.com
　　　　lrivo@greenfirelaw.com
　　　　rbrody@greenfirelaw.com

*Attorneys for Plaintiff US Right to Know*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF