CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
SARAH E. BALKISSOON (CABN 327066)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-6474
  Fax: (415) 436-6748
  sarah.balkissoon@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW, | Case No. 4:26-cv-01866-KAW |
| Plaintiff, | |
| v. | Honorable Kandis A. Westmore |
| U.S. DEPARTMENT OF STATE, | |
| Defendant. | |

**ANSWER**

Defendant United States Department of State ("Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (Dkt. No. 1) filed against Defendant by Plaintiff U.S. Right To Know ("Plaintiff") in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") case.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials in this response. However, Defendant's references are not intended to be, and should not be construed as, an admission that the cited materials are: (1) correctly cited or quoted by Plaintiff; (2) relevant to this, or any other, action; (3) admissible in this, or any other, action; or substantively accurate.

ANSWER TO COMPLAINT
NO. 4:26-cv-01866-KAW

Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer.

\*    \*    \*    \*

## INTRODUCTION[1]

1.    This paragraph constitutes Plaintiff's characterization of this action brought pursuant to the Freedom of Information Act ("FOIA"), to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

2.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

3.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph. To the extent a response is required, Defendant denies the allegations in this paragraph.

4.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

5.    This paragraph consists of Plaintiff's requested relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the requested relief.

## JURISDICTION AND VENUE

6.    The paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms and conditions of the FOIA.

7.    The paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms and conditions of the FOIA.

---

[1] For ease of reference only, Defendant's Answer replicates the headings contained in the Complaint (except the headings "DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES" and "DEFENDANT'S PRAYER FOR RELIEF"). Defendant does not waive any defensive theory or agree to or admit that Plaintiff's headings are accurate, appropriate, or substantiated. To the extent Plaintiff's headings could be construed to contain factual allegations, those allegations are denied.

ANSWER TO COMPLAINT
NO. 4:26-cv-01866-KAW

**INTRADISTRICT ASSIGNMENT**

8.      The paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

9.      The paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

10.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph. To the extent a response is required, Defendant denies the allegations in this paragraph.

11.      The paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

**PARTIES**

12.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph. To the extent a response is required, Defendant denies the allegations in this paragraph.

13.      Defendant admits.

14.      Defendant admits that the State Department is an agency for purposes of the FOIA. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph, as its searches remain ongoing.

**LEGAL FRAMEWORK**

15.      The paragraph consists of legal conclusions to which no response is required.

16.      The paragraph consists of legal conclusions to which no response is required.

17.      The paragraph consists of legal conclusions to which no response is required.

18.      The paragraph consists of legal conclusions to which no response is required.

19.      The paragraph consists of legal conclusions to which no response is required.

20.      The paragraph consists of legal conclusions to which no response is required.

21.      The paragraph consists of legal conclusions to which no response is required.

22.      The paragraph consists of legal conclusions to which no response is required.

ANSWER TO COMPLAINT
NO. 4:26-cv-01866-KAW

23. The paragraph consists of legal conclusions to which no response is required.

24. The paragraph consists of legal conclusions to which no response is required.

25. The paragraph consists of legal conclusions to which no response is required.

26. The paragraph consists of legal conclusions to which no response is required.

27. The paragraph consists of legal conclusions to which no response is required.

28. The paragraph consists of legal conclusions to which no response is required.

29. The paragraph consists of legal conclusions to which no response is required.

30. The paragraph consists of legal conclusions to which no response is required.

31. The paragraph consists of legal conclusions to which no response is required.

32. The paragraph consists of legal conclusions to which no response is required.

33. The paragraph consists of legal conclusions to which no response is required.

34. The paragraph consists of legal conclusions to which no response is required.

35. The paragraph consists of legal conclusions to which no response is required.

36. The paragraph consists of legal conclusions to which no response is required.

37. The paragraph consists of legal conclusions to which no response is required.

38. The paragraph consists of legal conclusions to which no response is required.

39. The paragraph consists of legal conclusions to which no response is required.

40. The paragraph consists of legal conclusions to which no response is required.

41. The paragraph consists of legal conclusions to which no response is required.

42. The paragraph consists of legal conclusions to which no response is required.

**STATEMENT OF OPERATIVE FACTS**

43. Defendant admits that Plaintiff submitted a FOIA Request to the State Department on August 12, 2025, via email. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of the FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies all allegations inconsistent therewith.

44. Defendant admits that Plaintiff's FOIA Request included a Request for a Fee Waiver. The remainder of this paragraph consists of Plaintiff's characterization of the FOIA request, to which no

ANSWER TO COMPLAINT
NO. 4:26-cv-01866-KAW

response is required. The FOIA request speaks for itself and is the best evidence of its contents.  All allegations concerning the contents inconsistent therewith are denied.

45. Defendant admits that Plaintiff's FOIA request included a request for expedited processing. The remainder of this paragraph consists of Plaintiff's characterization of the FOIA request, to which no response is required. The FOIA request speaks for itself and is the best evidence of its contents. All allegations concerning the contents inconsistent therewith are denied.

46. Defendant admits that on September 15, 2025, Monica Tillery, Supervisory Government Information Specialist, Information Access Liaison Office, U.S. Department of State, sent an email to Lewis Kamb of USRTK. The remainder of the paragraph consists of Plaintiff's characterization of the contents of the email. The email speaks for itself and is the best evidence of its contents. All allegations concerning the contents inconsistent therewith are denied.

47. Defendant admits that it denied Plaintiff's request for a fee waiver on September 15, 2025. The remainder of the paragraph consists of Plaintiff's characterization of the contents of the email. The email speaks for itself and is the best evidence of its contents. All allegations concerning the contents inconsistent therewith are denied.

48. This paragraph consists of Plaintiff's characterization of the contents of the September 15, 2025, email from the Department of State. The email speaks for itself and is the best evidence of its contents. All allegations concerning the contents inconsistent therewith are denied.

49. This paragraph consists of Plaintiff's characterization of the contents of the September 15, 2025, email from the Department of State. The email speaks for itself and is the best evidence of its contents. All allegations concerning the contents inconsistent therewith are denied.

50. This paragraph consists of Plaintiff's characterization of the contents of the September 15, 2025, email from the Department of State and legal conclusions, to which no response is required. The email speaks for itself and is the best evidence of its contents. All allegations concerning the contents inconsistent therewith are denied.

51. Defendant admits that it received a letter from Hana Mensendiek of USRTK, dated December 4, 2025. The remainder of the paragraph consists of Plaintiff's characterization of the contents

ANSWER TO COMPLAINT
NO. 4:26-cv-01866-KAW

of the letter. The letter speaks for itself and is the best evidence of its contents. All allegations concerning the contents inconsistent therewith are denied.

52. Defendant admits that it did not respond to Plaintiff's letter dated December 4, 2025, before Plaintiff filed its administrative appeal on December 10, 2025.

53. Defendant admits that USRTK submitted its administrative appeal on December 10, 2025.

54. This paragraph consists of Plaintiff's characterization of the contents of its administrative appeal. The appeal speaks for itself and is the best evidence of its contents. All allegations concerning the contents inconsistent therewith are denied.

55. Defendant admits that it sent an email to Lewis Kamb of USRTK on December 12, 2025. The remainder of this paragraph consists of Plaintiff's characterization of the contents of the email. The email speaks for itself and is the best evidence of its contents. All allegations concerning the contents inconsistent therewith are denied.

56. Defendant admits that the State Department's Appeal Officer received an email from Richard Brody, counsel for USRTK on January 8, 2026. The remainder of this paragraph consists of Plaintiff's characterization of the contents of the email. The email speaks for itself and is the best evidence of its contents. All allegations concerning the contents inconsistent therewith are denied.

57. Defendant admits. The email speaks for itself and is the best evidence of its contents. All allegations concerning the contents inconsistent therewith are denied.

58. This paragraph consists of Plaintiff's characterization of the contents of the January 29, 2026, email. The email speaks for itself and is the best evidence of its contents. All allegations concerning the contents inconsistent therewith are denied.

59. Defendant admits that the State Department's Litigation and Appeals Office sent an email to Mr. Brody on January 30, 2026. The remainder of the paragraph consists of Plaintiff's characterization of the email. The email speaks for itself and is the best evidence of its contents. All allegations concerning the contents inconsistent therewith are denied.

60. Defendant admits.

61. Defendant admits.

ANSWER TO COMPLAINT
NO. 4:26-cv-01866-KAW

62. Defendant admits that as of March 4, 2026, the State Department had not issued a decision on USRTK's administrative appeal.

63. The paragraph consists of legal conclusions to which no response is required.

64. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

65. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

66. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

69. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

70. The paragraph consists of legal conclusions to which no response is required.

71. The paragraph consists of legal conclusions to which no response is required.

72. Defendant admits and avers that it continues to process Plaintiff's request.

73. The paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies.

74. Defendant admits that it has not produced records responsive to the Request. Defendant avers that it continues to process Plaintiff's Request.

75. The paragraph consists of legal conclusions to which no response is required.

76. The paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies and avers that it continues to process Plaintiff's request.

ANSWER TO COMPLAINT
NO. 4:26-cv-01866-KAW

## CAUSES OF ACTION

## <u>COUNT I</u>

### Violations of the Freedom of Information Act And State Department Regulations:

### Failure to Provide Timely Final Determination

77. Defendant incorporates its responses to paragraphs 1– 76 as if set forth fully herein.

78. The paragraph consists of legal conclusions to which no response is required.

79. Defendant denies and avers that it continues to process Plaintiff's request.

80. The paragraph consists of legal conclusions to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

81. The paragraph consists of legal conclusions to which no response is required.

82. The paragraph consists of legal conclusions to which no response is required.

## <u>COUNT II</u>

### Violation of the Freedom of Information Act:

### Unlawful Withholding of Non-Exempt Public Records

83. Defendant incorporates its responses to paragraphs 1–82 as if set forth fully herein.

84. The paragraph consists of legal conclusions to which no response is required.

85. The paragraph consists of legal conclusions to which no response is required.

86. The paragraph consists of legal conclusions to which no response is required.

87. The paragraph consists of legal conclusions to which no response is required.

88. The paragraph consists of legal conclusions to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

89. The paragraph consists of legal conclusions to which no response is required.

90. The paragraph consists of legal conclusions to which no response is required.

ANSWER TO COMPLAINT
NO. 4:26-cv-01866-KAW

## COUNT III

### Violation of the Freedom of Information Act:

### Failure to Provide an Estimate Date of Completion.

91.    Defendant incorporates its responses to paragraphs 1-90 as if set forth fully herein.

92.    The paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

93.    Defendant admits that as of March 4, 2026, Defendant had not provided Plaintiff with an estimated date for completion of the Request.

94.    The paragraph consists of legal conclusions to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

95.    The paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

## COUNT IV

### Violation of the Freedom of Information Act:

### Failure to Provide Determination on Administrative Appeal

96.    Defendant incorporates its responses to paragraphs 1–95 as if set forth fully herein.

97.    The paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies.

98.    The paragraph consists of legal conclusions to which no response is required.

99.    The paragraph consists of legal conclusions to which no response is required.

100.    Defendant admits.

101.    Defendant admits.

102.    The paragraph consists of legal conclusions to which no response is required.

103.    The paragraph consists of legal conclusions to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

ANSWER TO COMPLAINT
NO. 4:26-cv-01866-KAW

104.     The paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

### REQUEST FOR RELIEF

Paragraphs 1-7 of this section consists of Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

Any allegations in the Complaint that are not specifically admitted, denied, or otherwise responded to are hereby denied.

### DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12. In further response to the Complaint, Defendant raises the following defenses:

### First Affirmative Defense

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

### Second Affirmative Defense

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a. Disclosure of such information is not required or permitted.

### Third Affirmative Defense

Plaintiff's request fails to comply with the requirements of the FOIA to the extent it fails to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

### Fourth Affirmative Defense

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

ANSWER TO COMPLAINT
NO. 4:26-cv-01866-KAW

**Fifth Affirmative Defense**

Plaintiff is not entitled to declaratory relief and/or any other relief beyond what is provided for under the FOIA.  5 U.S.C. § 552.

**Sixth Affirmative Defense**

The Complaint raises claims that are or will become moot.

**Seventh Affirmative Defense**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to lawful authority and exceptional circumstances exist that necessitated additional time for Defendant to complete its processing of the FOIA request.  *See* 5 U.S.C. § 552(a)(6)(C).

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1.      Plaintiff takes nothing by its Complaint;

2.      Defendant has judgment against Plaintiff; and

3.      For such other and further relief as the Court may deem proper.

DATED: April 15, 2026            Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Sarah E. Balkissoon*
SARAH E. BALKISSOON
Assistant United States Attorney

Attorneys for Defendant

ANSWER TO COMPLAINT
NO. 4:26-cv-01866-KAW