CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
SARAH E. BALKISSOON (CABN 327066)
Assistant United States Attorney

> 450 Golden Gate Avenue, Box 36055
> San Francisco, California 94102-3495
> Telephone: (415) 436-6474
> Fax: (415) 436-6748
> sarah.balkissoon@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>Defendant. | Case No. 4:26-cv-01866-KAW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: June 2, 2026<br>Time: 1:30 pm<br>Location: Zoom<br><br>Honorable Kandis A. Westmore |

Plaintiff U.S. Right to Know ("Plaintiff" or "USRTK") and Defendant U.S. Department of State ("Defendant" or "Department") (together, the "parties") submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

### 1.  Jurisdiction and Service

There are no issues regarding jurisdiction, venue, or service. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). All parties have been served.

### 2.  Facts

On August 12, 2025, U.S. Right to Know submitted a Freedom of Information Act ("FOIA") Request to the State Department, Office of Information Programs and Services, which included a

JOINT CASE MANAGEMENT STATEMENT
NO. 4:26-cv-01866-KAW

Request for Fee Waiver and a Request for Expedited Treatment.  (DKT. 0011, Exhibit A).  On September 15, 2025, Defendant denied U.S. Right to Know's Requests for Fee Waiver and for Expedited Treatment.  On December 10, 2025, U.S. Right to Know timely submitted its administrative appeal of these two decisions.  The Department did not issue a decision on U.S. Right to Know's administrative appeal prior to Plaintiff's initiation of this action.  The Department has not yet produced any documents responsive to U.S. Right to Know's August 12, 2025, FOIA Request.

Plaintiff initiated this action on March 4, 2026, under the FOIA. (DKT. 001). The Department timely responded on April 15, 2026.  (DKT. 012). The parties have since productively met and conferred regarding the request and the Department's processing efforts.

The Department reports that it has conducted searches and identified some potentially responsive records. The Department is currently reviewing the records for relevancy. The Department anticipates that it will make a production of any non-exempt, responsive material by July 15, 2026, or will otherwise notify Plaintiff regarding the status of its processing efforts.

### 3.  **Legal Issues**

Plaintiff:  The legal issues in this matter include the timeliness, scope, and nature of Defendant's search for and production of records responsive to Plaintiff's FOIA Requests; whether Defendant has met its obligations to Plaintiff under FOIA; whether Plaintiff should be granted its requested Fee Waiver and Expedited Treatment due to the failure of Defendant to provide a decision on Plaintiff's Administrative Appeal, and whether Plaintiff is entitled to an award of attorneys' fees and other litigation costs.

Defendant: Defendant disputes Plaintiff's claims. Additional legal issues may include whether any of the affirmative defenses in Defendant's answer bar any of Plaintiff's legal claims.

### 4.  **Motions**

There are no prior motions. At this time, the parties do not anticipate filing any motions and expect to engage in good faith to resolve any outstanding issues at the conclusion of the Department's processing. If the parties are not able to resolve the case cooperatively, the parties anticipate that the case will be resolved through cross-motions for summary judgment.

JOINT CASE MANAGEMENT STATEMENT
NO. 4:26-cv-01866-KAW

**5.  Amendment to the Pleadings**

The parties do not anticipate amending their respective pleadings at this time.

**6.  Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding preservation of evidence in this action.

**7.  Disclosures**

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange such disclosures.

**8.  Discovery**

Discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). FOIA discovery is limited, because the underlying FOIA case revolves around the propriety of revealing certain documents.

**9.  Class Actions**

This is not a class action.

**10. Related Cases**

There are no related cases, as defined by Local Rule 3-12.

**11. Relief Sought**

Plaintiff: USRTK seeks declaratory relief establishing that Defendant's failure to comply with the FOIA is unlawful, based on Defendant's (1) failure to provide a final determination for USRTK's FOIA Request, (2) withholding non-exempt public records responsive to U.S. Right to Know's FOIA Request, (3) failure to provide a timely estimated date of completion for USRTK's FOIA Request prior to Plaintiff's filing their complaint, as required by 5 U.S.C.§ 552(a)(7)(B)(ii), and (4) Defendant's failure to provide a decision on USRTK's administrative appeal, in violation of 5 U.S.C. §552(a)(6)(A)(ii), as well as Defendant's own policies and procedures.  Plaintiff also seeks a full, adequate and expedited search and production of the requested records and will seek Plaintiff's reasonable costs and attorneys' fees as well as; and such further relief as the Court deems just and

proper.

Defendant: Defendant denies that Plaintiff is entitled to any relief.

**12. Settlement and ADR**

The parties have conferred about ADR processes and believe that ADR is premature at this time. The parties are continuing to communicate and are working to narrow the issues that may be presented at either a settlement conference or ADR process.

**13. Other References**

None applicable.

**14. Narrowing of Issues**

None applicable.

**15. Scheduling**

At this time, the parties believe that setting a case schedule would be premature. The parties agree to work cooperatively to agree on a reasonable schedule at the appropriate time.

**16. Trial**

The parties are working cooperatively and anticipate that this action will be resolved by motion, if required, without the need for a trial.

**17. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff:  Plaintiff filed its Corporate Disclosure Statement on March 4, 2026. (DKT. 004).

Defendant: As a governmental entity or agency, Defendant is exempt from the disclosure requirement of Civil Local Rule 3-15.

**18. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other matters as may facilitate the just speedy and inexpensive disposition of this matter**

The parties agree to submit a status report on August 7, 2026, to provide an update on the status of Plaintiff's request, address any issues pertaining to Defendant's anticipated completion of the processing of Plaintiff's request, and to request a further case management conference, if necessary.

JOINT CASE MANAGEMENT STATEMENT
NO. 4:26-cv-01866-KAW

DATED:  May 21, 2026

Respectfully submitted,[1]


CRAIG H. MISSAKIAN
United States Attorney

*/s/ Sarah E. Balkissoon*
SARAH E. BALKISSOON
Assistant United States Attorney


Attorneys for Defendant

DATED: May 21, 2026


*/s/ Richard A. Brody*
RICHARD A. BRODY

Attorneys for Plaintiff

---

1 In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.

JOINT CASE MANAGEMENT STATEMENT
NO. 4:26-cv-01866-KAW