CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
SARAH E. BALKISSOON (CABN 327066)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6474
Fax: (415) 436-6748
sarah.balkissoon@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW,<br>Plaintiff,<br>v.<br>U.S. DEPARTMENT OF STATE,<br>Defendant. | Case No. 4:26-cv-01866-KAW<br>**JOINT CASE MANAGEMENT STATEMENT**<br>Date: September 15, 2026<br>Time: 1:30 pm<br>Location: Zoom<br>Honorable Kandis A. Westmore |

Plaintiff U.S. Right to Know ("Plaintiff" or "USRTK") and Defendant U.S. Department of State ("Defendant" or "Department") (together, the "parties") submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1. <u>Jurisdiction and Service</u>**

There are no issues regarding jurisdiction, venue, or service. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). All parties have been served.

**2. <u>Facts</u>**

On August 12, 2025, U.S. Right to Know submitted a Freedom of Information Act ("FOIA") Request to the State Department, Office of Information Programs and Services, which included a

Request for Fee Waiver and a Request for Expedited Treatment. (DKT. 0011, Exhibit A). On September 15, 2025, Defendant denied U.S. Right to Know's Requests for Fee Waiver and for Expedited Treatment. On December 10, 2025, U.S. Right to Know timely submitted its administrative appeal of these two decisions. The Department did not issue a decision on U.S. Right to Know's administrative appeal prior to Plaintiff's initiation of this action. The Department has not yet produced any documents responsive to U.S. Right to Know's August 12, 2025, FOIA Request.

Plaintiff initiated this action on March 4, 2026, under the FOIA. (DKT. 001). The Department timely responded on April 15, 2026. (DKT. 012). The parties have since productively met and conferred regarding the request and the Department's processing efforts.

The Department reports that it has conducted searches and identified some potentially responsive records. On July 15, 2026, the Department notified Plaintiff that it had referred two records to other agencies for direct reply to Plaintiff, and that its processing of Plaintiff's request remained ongoing. On August 3, 2026, in response to a request from Plaintiff, the Department stated that the Department had referred the two records to the Department of Energy and the Office of the Director of National Intelligence (ODNI) and provided Plaintiff email addresses to contact the Department of Energy and ODNI FOIA offices directly.

On August 26, 2026, the Department issued a letter to Plaintiff indicating that it withheld one record in full under Exemption 1, and that processing remained ongoing. Defendant's letter, the "August 2026 production" for FOIA case number FL-2026-00017, states that the agency identified one additional responsive record and is withholding it in full, citing FOIA Exemption 1, 5 U.S.C. § 552(b)(1), along with an identification number for the record. The letter states that the foreseeable harm standard was applied. The letter also includes an enclosure purporting to explain the exemptions and other grounds relied upon.

Plaintiff contends the letter does not identify the specific classification category underlying the Exemption 1 withholding, despite including several pages of listed exemption categories generally. It likewise does not explain how Exemption 1 or the foreseeable harm standard applies to this particular record, and there is no indication the record was reviewed for segregability. Plaintiff intends to meet and confer with Defendant's counsel to obtain further clarification regarding this record.

Plaintiff has also corresponded directly with the Department of Energy and ODNI, regarding Defendant's referral of two records.

*Department of Energy.* On September 2, 2026, Plaintiff emailed DOE regarding the record Defendant had referred to that agency. DOE responded the same day requesting additional information. On September 3, 2026, Plaintiff provided DOE with the complaint, a supporting exhibit, and the case number, and offered to provide any further information DOE might need. On September 8, 2026, DOE indicated it would follow up, and later that day advised that the referred record is the same record DOE had previously provided to Plaintiff in response to a separate FOIA request. DOE stated it would not re-release the record and considers the matter closed.

*ODNI.* On September 2, 2026, Plaintiff emailed ODNI requesting information regarding the record Defendant had referred to ODNI. On September 4, 2026, ODNI provided a case number and advised that the referral is nearing the final stages of review before a final response will be issued.

Plaintiff intends to meet and confer with Defendant regarding these developments.

The parties will submit a status update on or by October 5, 2026, to provide an update on the status of Plaintiff's request and address any issues pertaining to Defendant's anticipated completion of the processing of Plaintiff's request, if such issues remain.

**3. <u>Legal Issues</u>**

Plaintiff: The legal issues in this matter include the timeliness, scope, and nature of Defendant's search for and production of records responsive to Plaintiff's FOIA Requests; whether Defendant has met its obligations to Plaintiff under FOIA; whether Plaintiff should be granted its requested Fee Waiver and Expedited Treatment due to the failure of Defendant to provide a decision on Plaintiff's Administrative Appeal, and whether Plaintiff is entitled to an award of attorneys' fees and other litigation costs.

Defendant: Defendant disputes Plaintiff's claims. Additional legal issues may include whether any of the affirmative defenses in Defendant's answer bar any of Plaintiff's legal claims.

**4. <u>Motions</u>**

There are no prior motions. At this time, the parties do not anticipate filing any motions and expect to engage in good faith to resolve any outstanding issues at the conclusion of the Department's

processing. If the parties are not able to resolve the case cooperatively, the parties anticipate that the case will be resolved through cross-motions for summary judgment.

**5. <u>Amendment to the Pleadings</u>**

The parties do not anticipate amending their respective pleadings at this time.

**6. <u>Evidence Preservation</u>**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding preservation of evidence in this action.

**7. <u>Disclosures</u>**

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange such disclosures.

**8. <u>Discovery</u>**

Discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). FOIA discovery is limited, because the underlying FOIA case revolves around the propriety of revealing certain documents.

**9. <u>Class Actions</u>**

This is not a class action.

**10. <u>Related Cases</u>**

There are no related cases, as defined by Local Rule 3-12.

**11. <u>Relief Sought</u>**

Plaintiff: USRTK seeks declaratory relief establishing that Defendant's failure to comply with the FOIA is unlawful, based on Defendant's (1) failure to provide a final determination for USRTK's FOIA Request, (2) withholding non-exempt public records responsive to U.S. Right to Know's FOIA Request, (3) failure to provide a timely estimated date of completion for USRTK's FOIA Request prior to Plaintiff's filing their complaint, as required by 5 U.S.C.§ 552(a)(7)(B)(ii), and (4) Defendant's failure to provide a decision on USRTK's administrative appeal, in violation of 5 U.S.C. §552(a)(6)(A)(ii), as well as Defendant's own policies and procedures. Plaintiff also seeks a full,

adequate and expedited search and production of the requested records and will seek Plaintiff's reasonable costs and attorneys' fees; and such further relief as the Court deems just and proper.

Defendant: Defendant denies that Plaintiff is entitled to any relief.

**12. Settlement and ADR**

The parties have conferred about ADR processes and believe that ADR is premature at this time. The parties are continuing to communicate and are working to narrow the issues that may be presented at either a settlement conference or ADR process.

**13. Other References**

None applicable.

**14. Narrowing of Issues**

None applicable.

**15. Scheduling**

At this time, the parties believe that setting a case schedule would be premature. The parties agree to work cooperatively to agree on a reasonable schedule at the appropriate time.

**16. Trial**

The parties are working cooperatively and anticipate that this action will be resolved by motion, if required, without the need for a trial.

**17. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff: Plaintiff filed its Corporate Disclosure Statement on March 4, 2026. (DKT. 004).

Defendant: As a governmental entity or agency, Defendant is exempt from the disclosure requirement of Civil Local Rule 3-15.

**18. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other matters as may facilitate the just speedy and inexpensive disposition of this matter**

The parties agree to submit a status report on October 5, 2026, to provide an update on the status of Plaintiff's request, address any issues pertaining to Defendant's anticipated completion of the processing of Plaintiff's request, and to request a further case management conference, if necessary.

DATED: September 8, 2026

Respectfully submitted,[1]

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Sarah E. Balkissoon*
SARAH E. BALKISSOON
Assistant United States Attorney

Attorneys for Defendant

DATED: September 8, 2026

*/s/ Lily A. Rivo*
LILY A. RIVO

Attorneys for Plaintiff

1 In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.