CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
SARAH E. BALKISSOON (CABN 327066)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6474
Fax: (415) 436-6748
sarah.balkissoon@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>Defendant. | Case No. 4:26-cv-01866-KAW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 05, 2026<br><br>Honorable Kandis A. Westmore |

Plaintiff U.S. Right to Know ("Plaintiff" or "USRTK") and Defendant U.S. Department of State ("Defendant" or "Department") (together, the "parties") submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1. <u>Jurisdiction and Service</u>**

There are no issues regarding jurisdiction, venue, or service. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). All parties have been served.

**2. <u>Facts</u>**

On August 12, 2025, U.S. Right to Know submitted a Freedom of Information Act ("FOIA") Request to the State Department, Office of Information Programs and Services, which included a

Request for Fee Waiver and a Request for Expedited Treatment. (DKT. 0011, Exhibit A). On September 15, 2025, Defendant denied U.S. Right to Know's Requests for Fee Waiver and for Expedited Treatment. On December 10, 2025, U.S. Right to Know timely submitted its administrative appeal of these two decisions. The Department did not issue a decision on U.S. Right to Know's administrative appeal prior to Plaintiff's initiation of this action.

Plaintiff initiated this action on March 4, 2026, under the FOIA. (DKT. 001). The Department timely responded on April 15, 2026. (DKT. 012). The parties have previously productively met and conferred regarding the request and the Department's processing efforts. Plaintiff's counsel asserts that Plaintiff has made reasonable, documented attempts to confer with Defendant's counsel over the past three weeks. Plaintiff claims that Defendant's counsel has not respondeduntil today. Plaintiff provided multiple times to confer by phone and requested information to better understand Defendant's search and processing of the FOIA Request.

However, Defendant disputes this characterization or its relevance. Defendant contends that the parties corresponded to prepare the joint statement filed on September 8. and the Defense Intelligence Agency (DIA) sent a letter to Plaintiff on October 1, 2026, regarding a DIA record responsive to Plaintiff's request. On October 2, 2026, Defendant sent Plaintiff a letter stating that it had referred the one additional record to the DIA, and that the processing of Plaintiff's request had concluded. The Department reports that it previously conducted searches and identified some potentially responsive records. On September 29, 2026, Plaintiff asked the Department to identify an estimate on the total number of potentially responsive records to Plaintiff's FOIA request. Though FOIA does not require Defendant do so, Defendant is considering Plaintiff's request for information and has not yet responded. Defendant further notes that it has addressed the responsive material identified in its release determination letters, and that it has concluded its processing. Plaintiff contends that providing an estimate of the total number of potentially responsive records to a FOIA request is standard practice in order to better understand the agency's time frame for processing. This is particularly important when a responding agency, Defendant Department of State, has referred documents to other agencies. Defendant, at no time, provided an estimated date of completion for the search and processing of records.

On July 15, 2026, the Department notified Plaintiff that it had referred two records to other agencies for direct reply to Plaintiff, and that its processing of Plaintiff's request remained ongoing. On August 3, 2026, in response to a request from Plaintiff, the Department stated that the Department had referred the two records to the Department of Energy (DOE) and the Office of the Director of National Intelligence (ODNI) and provided Plaintiff email addresses to contact the Department of Energy and ODNI FOIA offices directly. Plaintiff claims that in this August 3rd, response, Defendant did not provide information regarding any other agencies to which Defendant referred records. On October 2, 2026, Defendant sent Plaintiff a letter stating that it had referred one additional record to the DIA, and that the processing of Plaintiff's request had concluded. Plaintiff also notes that this letter was provided after the "production" from the DIA and immediately emailed counsel for Defendant to follow up on this transmittal.

On August 26, 2026, the Department issued a letter to Plaintiff indicating that it withheld one record in full under Exemption 1, and that processing remained ongoing. Defendant's letter, the "August 2026 production" for FOIA case number FL-2026-00017, states that the agency identified one additional responsive record and is withholding it in full, citing FOIA Exemption 1, 5 U.S.C. § 552(b)(1), along with an identification number for the record. The letter states that the foreseeable harm standard was applied. The letter also includes an enclosure purporting to explain the exemptions and other grounds relied upon.

Plaintiff contends the letter does not identify the specific classification category underlying the Exemption 1 withholding, despite including several pages of listed exemption categories generally. It likewise does not explain how Exemption 1 or the foreseeable harm standard applies to this particular record, and there is no indication the record was reviewed for segregability. There is no record-specific explanation supporting the withholding in full and the letter includes a boilerplate segregability statement.

Counsel for Plaintiff claims that it has made reasonable attempts to meet and confer with Defendant's counsel to obtain further clarification regarding this record as well as transmitted responses to Plaintiff's FOIA Request from the Department of Energy, ODNI, and Defense Intelligence Agency, as detailed below. Plaintiff emailed Defendant on September 10, September 29, and October 2.

Defendant did not reply. This morning, October 5, Defendant replied that it was looking into Plaintiff's concerns.

Defendant will address Plaintiff's questions holistically rather than piecemeal, now that processing had concluded.

***Department of Energy.*** On September 2, 2026, Plaintiff emailed DOE regarding the record Defendant had referred to that agency. DOE responded the same day requesting additional information. On September 3, 2026, Plaintiff provided DOE with the complaint, a supporting exhibit, and the case number, and offered to provide any further information DOE might need. On September 8, 2026, DOE indicated it would follow up, and later that day advised that the referred record is the same record DOE had previously provided to Plaintiff in response to a separate FOIA request. DOE stated it would not re-release the record and considers the matter closed. In this transmittal email, DOE provided a website link to download "the same records DOE previously provided" under a different FOIA request. This website link provides a 20-page pdf, including DOE's transmittal letter Re: HQ-2025-03224-F" and records. The transmittal letter is undated and states the response is a "supplemental response" and that a revised set of records are provided. DOE's Office of Intelligence and Counterintelligence (IN) states that they identified three (3) documents as responsive and withheld certain information pursuant to Exemptions 1, 3, and 6 of the FOIA. The attached 16 pages, are nearly entirely redacted.

USRTK requests more information regarding which of DOE's transmitted three (3) documents correspond to Defendant's one-record referral.

USRTK compared the redaction in this new release with DOE's previous releases, and notes the following differences:

1) The redactions in the top and bottom classification markings in the previous release include exemption (b)(3)(a) and the re-release applies (b)(1)(a).
2) The previously released version includes (b)(3)(a) redactions at the top of the document and several black lines, versus a single gray line (b)(3)(a) redaction in the re-release.
3) "Document 2" and "Document 14" labels are applied to the re-released documents.

Plaintiff requests (1) A description of the withheld record(s); (2) The specific classification basis supporting the withholding(s); (3) The reasonably foreseeable harm that would result from

disclosure; (4) A detailed explanation of why the record's title, date, subject matter, and other nonclassified information cannot be segregated and released; and (5) Any other reasonably segregable portions of the record(s).

***ODNI.*** On September 2, 2026, Plaintiff emailed ODNI requesting information regarding the record Defendant had referred to ODNI. On September 4, 2026, ODNI provided a case number and advised that the referral is nearing the final stages of review before a final response will be issued.

On September 8, 2026, ODNI emailed USRTK and provided a final response to case DF-2026-00447, the document referred by Defendant under case F-2025-28598.

The transmittal letter from ODNI states that Defendant referred one document, eleven pages, to ODNI for review and direct response. ODNI stated that as the request was processed, the agency considered the foreseeable harm standard and determined that the document must be withheld in full pursuant to the following exemptions:

- (b)(1),which applies to information currently and properly classified pursuant to Executive Order 13526, Section 1.4(c).
- (b)(3), exempt by statute including the National Security Act of 1947, as amended, Section 102A(h)(1)(codified at 50 U.S.C. § 3024(h)(1))which mandates the protection of intelligence sources and methods from unauthorized disclosure.

Additionally, ODNI stated that the National Geospatial Intelligence Agency withheld information pursuant to FOIA exemption (b)(1). The Federal Bureau of Investigation withheld information pursuant to FOIA exemptions (b)(1), (b)(3), (b)(7)(C), and (b)(7)E).

***Defense Intelligence Agency.*** On October 1, 2026, the Defense Intelligence Agency (DIA) emailed USRTK and stated that they attached a "final response to Civil Action No. 26-cv-01866." The attachment is a letter dated October 1, 2026, which states that on June 11, 2026, Defendant Department of State forwarded one, three- page record, to the DIA for review. The letter states that, due to the foreseeable harm standard, the record must be withheld in entirety due to the foreseeable harm standard and in accordance with exemptions 1, 3, and 6 of the FOIA. 5 U.S.C. § 552(b)(1), (b)(3), and (b)(6). The letter states the following statutes for Exemption 3: 10 U.S.C. § 424, 50 U.S.C. § 3024(h). DIA writes that Statute 10 U.S.C. § 424 protects the identify of DIA employees, organizational structure of the

agency, and any function of DIA. Statute 50 U.S.C. § 3024(h) protects intelligence sources and methods. Finally, DIA stated it has not withheld any reasonable segregable non-exempt portions of the record. DIA states that counsel for Defendant can be contacted with any questions. On October 2, 2026, Defendant emailed USRTK and attached "the October 2026 production for FOIA case number FL-2026-00017, civil action number 3:26-cv-01866." This letter states that Defendant has identified one additional responsive record subject to the FOIA and that it was referred to the DIA with a request to respond to USRTK directly upon making a release determination. The letter states, "This concludes the processing of your request." Counsel for Defendant is listed as the contact for any questions.

Plaintiff requests, regarding the response from the DIA: (1) A description of the withheld record; (2) The specific classification basis supporting the withholding; (3) The reasonably foreseeable harm that would result from disclosure; (4) A detailed explanation of why the record's title, date, subject matter, and other nonclassified information cannot be segregated and released; and (5) Any other reasonably segregable portions of the record.

**Plaintiff's Statement:**

Plaintiff seeks to understand the applied redactions and withholdings. Plaintiff requests an explanation of the search for responsive documents, and a complete accounting of responsive records and referrals, alongside a *Vaughn* index, or other itemized justification that identifies the records and relevant information for the applied exemptions and redactions. For any withholding justifications, Plaintiff requests the applicable foreseeable harm or statutory prohibition of disclosure.

Accordingly, Plaintiff requests the Court issue a deadline by which Defendant must provide such information, whether in the form of a *Vaughn* index or other itemized justification. Plaintiff further requests that the Court order Defendant to provide detail regarding withholding justifications.

Plaintiff proposes that such information be provided within 30 days, by November 5, 2026.

**Defendant's Statement:**

Now that its processing has concluded, Defendant is prepared to engage with Plaintiff in good faith to narrow or eliminate the remaining disputes, as is the standard practice in FOIA litigation. Defendant notes that Plaintiff has requested detailed explanations regarding classified records, the equities of which pertain to multiple federal agencies and will require careful scrutiny, consultations

with members of multiple agencies, and tailored review by appropriate personnel.

Defendant understands that Plaintiff has concerns about the treatment of the records and expects to provide additional clarifying details now that it has clarity as to the full scope of the issues that Plaintiff has presently identified. However, Defendant respectfully submits that Plaintiff's timeframe is not workable, given the classification level of the materials and the need to consult with numerous agencies. Moreover, as this case is one of more than 220 FOIA litigation cases pending against Defendant, a shorter timeline would effectively prioritize Plaintiff's request to the detriment of other requesters. Defendant expects that it will be able to provide a fulsome explanation of the asserted exemptions and its search on or before December 1, 2026, and proposes that the Parties submit a joint status report on or before December 4, 2026.

**3. <u>Legal Issues</u>**

Plaintiff: The legal issues in this matter include the timeliness, scope, and nature of Defendant's search for and production of records responsive to Plaintiff's FOIA Requests; whether Defendant has met its obligations to Plaintiff under FOIA; whether Plaintiff should be granted its requested Fee Waiver and Expedited Treatment due to the failure of Defendant to provide a decision on Plaintiff's Administrative Appeal, and whether Plaintiff is entitled to an award of attorneys' fees and other litigation costs.

Defendant: Defendant disputes Plaintiff's claims. Additional legal issues may include whether any of the affirmative defenses in Defendant's answer bar any of Plaintiff's legal claims.

**4. <u>Motions</u>**

There are no prior motions. At this time, the parties do not anticipate filing any motions and expect to engage in good faith to resolve any outstanding issues at the conclusion of the Department's processing. If the parties are not able to resolve the case cooperatively, the parties anticipate that the case will be resolved through cross-motions for summary judgment.

**5. <u>Amendment to the Pleadings</u>**

The parties do not anticipate amending their respective pleadings at this time.

**6. <u>Evidence Preservation</u>**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored

Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding preservation of evidence in this action.

**7. Disclosures**

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange such disclosures.

**8. Discovery**

Discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). FOIA discovery is limited, because the underlying FOIA case revolves around the propriety of revealing certain documents.

**9. Class Actions**

This is not a class action.

**10. Related Cases**

There are no related cases, as defined by Local Rule 3-12.

**11. Relief Sought**

Plaintiff: USRTK seeks declaratory relief establishing that Defendant's failure to comply with the FOIA is unlawful, based on Defendant's (1) failure to provide a final determination for USRTK's FOIA Request, (2) withholding non-exempt public records responsive to U.S. Right to Know's FOIA Request, (3) failure to provide a timely estimated date of completion for USRTK's FOIA Request prior to Plaintiff's filing their complaint, as required by 5 U.S.C.§ 552(a)(7)(B)(ii), and (4) Defendant's failure to provide a decision on USRTK's administrative appeal, in violation of 5 U.S.C. §552(a)(6)(A)(ii), as well as Defendant's own policies and procedures. Plaintiff also seeks a full, adequate and expedited search and production of the requested records and will seek Plaintiff's reasonable costs and attorneys' fees; and such further relief as the Court deems just and proper.

Defendant: Defendant denies that Plaintiff is entitled to any relief.

**12. Settlement and ADR**

The parties have conferred about ADR processes and believe that ADR is premature at this time. The parties are continuing to communicate and are working to narrow the issues that may be presented at

either a settlement conference or ADR process.

**13. <u>Other References</u>**

None applicable.

**14. <u>Narrowing of Issues</u>**

None applicable.

**15. <u>Scheduling</u>**

Plaintiff requests the Court set a deadline of November 5, 2026, by which Defendant must provide a *Vaughn* index or similar document as well as an explanation of the search and a complete accounting of responsive records and referrals. Plaintiff requests the Court order the parties to file a Joint Case Management Statement on November 9th, 2026, to update the court on any outstanding issues.

However, Defendant maintains that Plaintiff's timeframe is unworkable for the reasons previously stated. Defendant further notes that Plaintiff's request for a *Vaughn* index is premature, as such a document would be more appropriately submitted in the context of summary judgment briefing. Defendant would therefore propose to provide explanations of the withholdings and its search on or by December 1, 2026, and proposes that the Parties submit a subsequent Joint Case Management State on or by December 4, 2026, to apprise the Court of the status of their discussions.

**16. <u>Trial</u>**

The parties are working cooperatively and anticipate that this action will be resolved by motion, if required, without the need for a trial.

**17. <u>Disclosure of Non-Party Interested Entities or Persons</u>**

Plaintiff: Plaintiff filed its Corporate Disclosure Statement on March 4, 2026. (DKT. 004).

Defendant: As a governmental entity or agency, Defendant is exempt from the disclosure requirement of Civil Local Rule 3-15.

**18. <u>Professional Conduct</u>**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. <u>Other matters as may facilitate the just speedy and inexpensive disposition of this matter</u>**

DATED: October 5, 2026

Respectfully submitted,[1]

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Sarah E. Balkissoon*
SARAH E. BALKISSOON
Assistant United States Attorney

Attorneys for Defendant

DATED: October 5, 2026

*/s/ Lily A. Rivo*
LILY A. RIVO

Attorneys for Plaintiff

1 In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.